SINGER v. SMITH et al.

(Supreme Court, Appellate Term.   January 5, 1912.)

LANDLORD AND TENANT (§ 114*)—CREATION OF TENANCY.

A written lease for a year at a yearly rental of $600, payable monthly, was executed after the tenant had been in possession of the premises as a yearly tenant for $500 per year. Shortly before the termination of the written lease, the tenant wrote to the landlord a letter, reciting: "If it is agreeable to you, we will continue using that office and pay you $50 per month therefor, which is the same amount we are now paying." The landlord orally accepted the conditions. *Held*, that the tenant became a yearly tenant, and not one from month to month, under the rule that, where two possible constructions may be adopted, that one will be adopted which is most unfavorable to the person using the language construed.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 373-381; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Sigmund Singer against James F. Smith and another. From a judgment of the Municipal Court of the City of New York for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Rosenthal & Steckler, for appellant.
Abraham B. Keve, for respondents.

PAGE, J.   This is an action to recover rent for the months of February and March, 1911, for a portion of the premises 334 Broadway. The defendants had been in possession of that portion of the premises for about 20 years as yearly tenants. A written lease was executed April 5, 1909, for one year from May 1, 1909, at the yearly rental of $600, to be paid in equal monthly payments. Prior thereto the rent had been at the rate of $500 per year. So much is admitted by both sides. Treating the controverted facts as settled in the defendants' favor by the decision of the court, it appears that on April 29, 1910, the defendants wrote and caused to be delivered to the plaintiff the following letter:

"Mr. S. Singer, 334 Broadway, New York City—Dear Sir: Our lease with you for the rear of the store No. 334 Broadway expires May 1, 1910, and if it is agreeable to you we will continue using that office and pay you $50 per month therefor, which is the same amount we are now paying. Thanking you in advance for letting us know promptly whether this is satisfactory, we are,
        "Yours truly."

Upon the receipt of this letter, plaintiff said to one of the defendants, "I accept the conditions of this." The defendants remained in possession until January 6, 1911, when they removed from the premises, having paid the rent until February 1, 1911. Defendants contend that by reason of this agreement the character of their tenancy was changed from a yearly to a monthly hiring. Plaintiff's contention is that this letter was only an agreement to continue the lease

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at the rent of "$50 per month," which was the amount they were paying them, and did not refer to the term of hiring, and the specification of the amount was prompted by the fact that the rent had been raised the previous year; while defendants claim that "$50 per month" expresses, not alone the rent, but the term.

Certainly it cannot be said that the construction that plaintiff puts upon this letter is not a possible one, and, that being the case, it must be adopted, for it is elementary that, of two possible constructions, that one will be adopted which is most unfavorable to the person using the language construed. The learned counsel for the defendants states in his brief that it is clear "that respondents really intended to change the nature of the tenancy and remain in the premises as monthly tenants"; but that is not the test. Did they communicate that intention so clearly that the landlord understood it and acted upon that understanding? There must have been a meeting of the minds, and if the tenant expressed the intention in his mind so blindly that the landlord understood something different, and acted upon that understanding, there would be no agreement reached that would bind the landlord. The defendants' counsel further says:

"It can well be conceded that the letter might have been clothed in more explicit terms."

It not only "might," but, if it was expected thereby to change the relations that had existed for 20 years between the parties, it should.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

